VICTOR DE GYARFAS, CA Bar No. 171950
   vdegyarfas@foley.com
JIANING G. YU, CA Bar No. 297098
   gyu@foley.com
ASHLEY KOLEY, CA Bar No. 334723
   akoley@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
TELEPHONE: 213-972-4500
FACSIMILE: 213-486-0065

Attorneys for Plaintiff SHIJIAZHUANG HONGRAY GROUP

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| SHIJIAZHUANG HONGRAY GROUP, a Chinese Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>WORLD TRADING 23 INC., a California Corporation, and WORLD TECH TOYS, a California Corporation,<br><br>    Defendants. | Case No:<br><br>**COMPLAINT FOR:**<br><br>1. **FEDERAL UNFAIR COMPETITION**<br><br>2. **FALSE ADVERTISING**<br><br>3. **UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, Shijiazhuang Hongray Group ("Hongray" or "Plaintiff"), by and through its attorneys, alleges as follows:

### JURISDICTION AND VENUE

1. Among other claims, Plaintiff asserts violations of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and related state law claims. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court also has supplemental jurisdiction over the claims in this Complaint that arise under California law pursuant to 28 U.S.C. §§ 1367(a) because the state law claims are so related to the

4813-7856-1773.2

federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

2. This Court has personal jurisdiction over the Defendants World Trading Inc. 23 ("WT23") and World Tech Toys Inc. ("WTT") (collectively "Defendants") and venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391. Plaintiff is informed and believes, and on that basis alleges, that Defendants have conducted and continue to conduct business in this District and has engaged in the complained of activities in this Judicial District.

## THE PARTIES

3. Plaintiff Hongray is a Chinese Company with its principal place of business in No.18 Yuhua East Road, Shijiazhuang City, 052260 Hebei, China, with a U.S. agent having a place of business in California at 3973 Schaefer Avenue, Chino, CA 91710.

4. Plaintiff is informed and believes, and on that basis alleges, that Defendant World Trading 23, Inc. is a California corporation with a principal place of business and entity address of 28904 Avenue Paine, Valencia, CA 91355.

5. Plaintiff is informed and believes, and on that basis alleges, that Defendant World Tech Toys, Inc. is a California corporation with a principal place of business and entity address of 28904 Avenue Paine, Valencia, CA 91355; the same address as World Trading 23, Inc.

6. Plaintiff is informed and believes, and on that basis alleges, that Defendants have ongoing and systematic contacts with this Judicial District, and have placed the products at issue in this litigation into the stream of commerce knowing and expecting that such products would end up in this Judicial District.

7. Plaintiff is informed and believes, and on that basis alleges, that this Judicial District is a hub from which Defendants implement the importation, purchase, use, marketing, sale and/or offer for sale of the products at issue identified herein.

4813-7856-1773.2

# FACTUAL BACKGROUND

8. Personal Protective Equipment ("PPE") is equipment worn to minimize exposure to hazards that cause serious workplace injuries and illnesses. In the current COVID-19 pandemic, the necessity for, and sales of PPE have skyrocketed. Among other things, the need for PPE such as patient examination gloves has increased dramatically.

9. Plaintiff and Plaintiff's subsidiaries: Better Care Plastic Technology, Co., Ltd. ("Better Care"), Grand Work Plastic Products Co. Ltd. ("Grand Work"), and Hongze Plastic Technology, Co., Ltd. ("Hongze") manufacture, import, and sell boxes of authentic nitrile gloves ("Nitrile Gloves") that are frequently used in circumstances where PPE is required. Plaintiff's Nitrile Gloves come in boxes containing 100 gloves and have developed a reputation for being desirable, good quality patient examination gloves.

10. Plaintiff and Plaintiff's subsidiaries distribute directly to its U.S. based customers and do not use any "middlemen" in China to import and distribute PPE gloves into the U.S. Plaintiff white-labels Nitrile Gloves for its U.S. customers by packaging Nitrile Gloves manufactured by Plaintiff in packaging that bears the Plaintiff's customers' brands.

11. Each person who wants to market in the United States, a Class I, II, or III device intended for human use, for which a Premarket Approval application (PMA) is not required, must make a 510(k) submission to the Food and Drug Administration ("FDA") unless the device falls under certain exemptions not relevant here. The requirements for a 510(k) submission are described in 21 C.F.R. § 807 Subpart E. Before marketing a device, each submitter must receive an order, in the form of a letter, from the FDA, which finds the device to be substantially equivalent and states that the device can be marketed in the U.S. Such an order "clears" the device for commercial distribution. Only a single entity may own a 510(k) number and only a single entity may authorize a specific 510(k) number for use in a product's marketing, unless the 510(k) number is used pursuant to one of the exceptions listed in 21 C.F.R. § 807.85, but none of those exceptions are applicable

4813-7856-1773.2

here.

12. Better Care is the owner of 510(k) number K182600 (for patient examination gloves). Better Care is also the sole authorized manufacturer and importer of the gloves in the U.S. manufactured under that 510(k) number. Grand Work is the owner of 510(k) number K051662. Grand Work is also the sole authorized manufacturer and importer of the gloves in the U.S. manufactured under that 510(k) number.

13. From December 2020 to March 2021, Hongze sold 8220 boxes of authentic and individually packaged 12 inch Nitrile Gloves and 101 boxes of authentic and individually packaged 9 inch Nitrile Gloves to Hebei Kuangyang Medical Instrument Sales Co. Ltd. ("KMI"), a Chinese company, for distribution in China. Neither Plaintiff nor any of its subsidiaries have authorized any other sales of any type of gloves to KMI.

14. Plaintiff is informed and believes, and on that basis alleges that WT23 imported millions of boxes of 9 inch gloves from a Chinese company known as Feida Toys Co., Ltd. ("Feida") into the United States and distributed them in interstate commerce branded as "PPE-AID" gloves ("Counterfeit Gloves"). WTT also contracted with KMI for counterfeit "Hongray gloves." The Counterfeit Gloves are distributed in boxes that falsely state "Manufacturer: Shijiazhuang Hongray Group Co., Ltd." The Counterfeit Gloves were not manufactured by Shijiazhuang Hongray Group Co., Ltd. or any subsidiaries thereof, and they are counterfeit. The boxes containing 100 Counterfeit Gloves are packaged in larger cardboard boxes that inconspicuously state "Shijiazhuang Hongray Group Co., Ltd." and "Disposable Nitrile Gloves" on the side of the box. True and correct photographs of Defendants' packaging are attached hereto as Ex. A.

15. Defendants have falsely advertised that it has in its possession, millions of boxes of Counterfeit Gloves that are allegedly, but in reality not, "Manufactured by Hongray" in the United States that are currently being marketed and sold from a location in California.

16. Defendants' marketing materials falsely claim that PPE-AID gloves are "510K CERTIFIED," "FDA APPROVED," and "EXAM GRADE," and provide

Hongray's quality test reports alongside Better Care's 510(k) clearance letter for K182600 and Grand Work's 510(k) clearance information for K051662. Defendants' marketing materials are attached hereto as Ex. B.

17. The Hongray test reports represent testing results for industrial grade "disposable nitrile gloves" and "metro/makro professional nitrile gloves" while Better Care's 510(k) number represents FDA clearance for "Powder Free Nitrile Examination Glove[s]" made for patient examination. Similarly, Grand Work's 510(k) clearance number represents FDA clearance for "VINYL NITRILE CO-POLYMER POWDER FREE EXAM GLOVES" made for patient examination. Therefore, Defendants' use of Hongray's test reports alongside the Better Care and Grand Work 510(k) numbers are not even related to the same product.

18. Defendants further market the Counterfeit Gloves as "nitrile," when in fact they are made of the cheaper and lower-quality "nitrile blend." The "Nitrile blend" is stated in Chinese on the sides of the larger cardboard boxes each containing 10 boxes of 100 PPE-AID gloves.

19. Neither Plaintiff nor any of its subsidiaries have authorized Defendants to make use of their 510(k) numbers and the Counterfeit Gloves were not manufactured or sold by Plaintiff or any of its subsidiaries. Defendants' acts are therefore not permitted by virtue of the first sale or exhaustion doctrines.

20. Defendants are intentionally attempting to, and succeeding in deceiving and creating a false impression among a substantial segment of potential consumers that the Counterfeit Gloves are authentic Hongray Nitrile Gloves manufactured, sponsored, or approved by Plaintiff.

21. Defendants' deception is material in that it is likely to and has influenced consumers' purchasing decisions because a substantial segment of potential consumers want to buy Plaintiff's Nitrile Gloves especially in light of the global pandemic and increased need for PPE.

22. Plaintiff is informed and believes and upon that basis alleges that, consumers

4813-7856-1773.2

of Defendants' Counterfeit Gloves were actually deceived into thinking that they were buying authentic gloves manufactured by Plaintiff. Because Defendants' Counterfeit Gloves are not actually authentic Hongray Nitrile Gloves, consumers have been injured when they purchased the Counterfeit Gloves.

23. Defendants were warned to stop selling and marketing the Counterfeit Gloves in a cease and desist letter from Plaintiff's counsel dated April 1, 2021. However, Plaintiff is informed and believes, and alleges on that basis that Defendant continues to import and sell Counterfeit Gloves marketed as manufactured by Plaintiff and cleared by the FDA under Better Care's and Grand Work's 510(k) numbers.

24. As a result of Defendants' intentionally deceptive acts, Plaintiff has been or is likely to be competitively injured as a result of Defendants' sales and advertising in that Plaintiff's ability to compete with Defendants will be harmed and Plaintiff will suffer a loss of goodwill.

## CLAIM 1: FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125(a)

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this complaint as though fully set forth herein.

26. Lanham Act § 43(a), 15 U.S.C. § 1125(a), provides in relevant part:

(a) Civil action

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

6

4813-7856-1773.2

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

27. Without right, license, or authorization from Plaintiff, Defendants have willfully sold Counterfeit Gloves in interstate commerce in violation of 15 U.S.C. § 1125(a). Defendants are intentionally attempting to, and succeeding in deceiving and creating a false impression among a substantial segment of potential consumers by stating on the Counterfeit Glove boxes that its patient examination gloves are "Manufactured by Shijiazhuang Hongray Group Co. Ltd." and when it advertised that its patient examination gloves were "FDA Approved" alongside Plaintiff's 510(k) numbers K182600 and spK051662.

28. Plaintiff has been, and will continue to be, seriously and irreparably damaged unless Defendants are preliminarily and permanently enjoined from selling, and advertising their Counterfeit Gloves. In addition, by reason of Defendants' actions, Defendants have unlawfully profited, and Plaintiff has been damaged, in amounts which have not yet been fully determined.

29. Plaintiff is entitled to Defendants' profits and to recover its damages, its attorneys' fees, and costs, and disbursements incident to its claim of statutory unfair competition.

## CLAIM 2: FEDERAL FALSE ADVERTISING
## (15 U.S.C. § 1125(a))

30. Plaintiff incorporates by reference paragraphs 1 through 29 of this complaint as though fully set forth herein.

31. A claim for false advertising under Lanham Act § 43(a) (15 U.S.C. § 1125(a)) has five elements:

(1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product;

4813-7856-1773.2

        (2)    the statement actually deceived or has the tendency to deceive a substantial segment of its audience;

        (3)    the deception is material, in that it is likely to influence the purchasing decision;

        (4)    the defendant caused the false statement to enter interstate commerce; and

        (5)    the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

32.    Defendant made a false or misleading statement of fact in a commercial advertisement about its patient examination gloves when it stated on the Counterfeit Glove boxes that its patient examination gloves are manufactured by Shijiazhuang Hongray Group Co. Ltd. and when it advertised that its Counterfeit Gloves were "FDA Approved" alongside Plaintiff's 510(k) numbers K182600 and K051662.

33.    The statements that Defendants' Counterfeit Gloves, which are sold in interstate commerce, are "manufactured by Shijiazhuang Hongray Group Co. Ltd." and "FDA approved" alongside Plaintiff's 510(k) numbers K182600 and K051662 had the capacity to deceive and, in fact, did deceive a substantial segment of consumers and potential consumers. Defendants' deception is material, in that it is likely to influence the consumer's purchasing decision because a substantial segment of potential consumers want both quality gloves that Plaintiff is known for and patient a product with 510(k) certification.

34.    Plaintiff has been injured as a result of Defendants' false statement in that Plaintiff lost sales that it would have otherwise made had Defendant not made its false statements.

## CLAIM 3: UNFAIR COMPETITION
### (California Business and Professions Code § 17200)

35.    Plaintiff incorporates by reference paragraphs 1 through 34 of this complaint

8

4813-7856-1773.2

as though fully set forth herein.

36. California Business and Professions Code, Section 17200 provides that Plaintiff must merely plead facts that tend to show Defendant committed an unlawful, unfair, or fraudulent business act or practice or participated in unfair, deceptive, untrue, or misleading advertising.

37. Defendants' actions complained of constitute unfair competition under California Business and Professions Code § 17200.

38. Plaintiff is informed and believes that the foregoing unfair and deceptive conduct is ongoing and that Defendants have engaged in these practices to further its own financial gain.

39. Plaintiff, on behalf of itself and the general public, requests that an injunction issue to enjoin Defendants from continuing their unfair and deceptive practices.

40. Plaintiff, on behalf of itself and the general public, requests restitution and/or disgorgement of Defendants' profits and other ill-gotten gains wrongfully obtained through its unfair and deceptive practices.

## **PRAYER FOR RELIEF**

WHEREFORE, by virtue of the unlawful conduct of Defendants as alleged in the claims above, Plaintiff respectfully prays for judgment against Defendants as follows:

A. That Defendants be adjudged to have engaged in unfair competition in violation of 15 U.S.C. § 1125(a).

B. That Defendants be adjudged to have engaged in false advertising in violation of 15 U.S.C. § 1125(a).

C. That Defendants be adjudged to have engaged in unfair competition in violation of California Business and Professions Code § 17200.

D. That Defendants' federal unfair competition, and state law unfair competition be adjudged willful and deliberate.

E. For an accounting for all profits of Defendants derived by reason of the acts

alleged in this Complaint.

F. For an order compelling Defendants to disgorge the amounts by which it has been unjustly enriched by the acts alleged herein and restitution.

G. That Defendants and its subsidiaries, affiliates, parents, successors, assigns, officers, agents, servants, employees, attorneys, and all persons acting in concert or in participation with it be preliminarily and permanently enjoined from:

(1) Selling counterfeit Hongray Nitrile patient examination gloves;

(3) Advertising counterfeit Hongray Nitrile patient examination gloves;

(4) Passing off its goods and/or services as those authorized by Plaintiff;

(5) Engaging in any conduct aimed at or likely to result in diverting business intended for Plaintiff or injuring Plaintiff's goodwill or business reputation by way of imitation, misrepresentation, false statements, advertising, fraud and/or deception; and

(6) Unfairly competing with Plaintiff.

H. For an order from this Court compelling Defendants to inform all customers who purchased counterfeit Hongray Nitrile Gloves that it willfully sold counterfeit patient examination gloves and mail notice letters at its own expense to all distributors, dealers, accounts, salesmen, employees, jobbers, suppliers, and purchasers informing them that Defendant has committed unfair competition, and that Defendants have no affiliation, connection, or other business relationship with Plaintiff, and requesting that the letter recipients return to Defendant for full credit or refund all of Defendants' Counterfeit Gloves.

I. For an order from this Court commanding that Defendants deliver to Plaintiff for destruction all advertising, products, patient examination gloves, labeling, packaging, sales literature, promotional literature, owner's manuals, catalogs, displays, boxes, packages, and other trade pieces within its possession or control and which were sold or used in connection with sales of counterfeit Hongray Nitrile patient examination gloves.

J. That a constructive trust be imposed on all revenue, income and things of

4813-7856-1773.2

value derived by Defendants in the marketing and selling of patient counterfeit Hongray Nitrile patient examination gloves.

  K. For judgment, relief, and requests as set forth in this Complaint.

  L. For an award of reasonable attorney's fees, prejudgment interest, and costs of this action.

  M. For such other, further, and different relief as the court deems proper under the circumstances.

DATED:  June 9, 2021      **FOLEY & LARDNER LLP**
Victor de Gyarfas
Jianing G. Yu
Ashley Koley

*/s/ Victor de Gyarfas*
Victor de Gyarfas
ATTORNEYS FOR PLAINTIFF SHIJIAZHUANG HONGRAY GROUP

## **DEMAND FOR JURY TRIAL**

  Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

DATED:  June 9, 2021      **FOLEY & LARDNER LLP**
Victor de Gyarfas
Jianing G. Yu
Ashley Koley

*/s/ Victor de Gyarfas*
Victor de Gyarfas
ATTORNEYS FOR PLAINTIFF SHIJIAZHUANG HONGRAY GROUP

4813-7856-1773.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4813-7856-1773.2